**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1591-16T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JAMIL KOLLIE, a/k/a JAMAL KOLLIE,

    Defendant-Appellant.

_____

Submitted November 6, 2017 — Decided November 21, 2017

Before Judges Ostrer and Whipple.

On appeal from Superior Court of New Jersey,
Law Division, Essex County, Indictment No. 11-
06-1147.

Joseph E. Krakora, Public Defender, attorney
for appellant (William Welaj, Designated
Counsel on the brief).

Robert D. Laurino, Acting Essex County
Prosecutor, attorney for respondent (Camila
Garces, Special Deputy Attorney General/
Acting Assistant Prosecutor, on the brief).

PER CURIAM

    Defendant Jamil Kollie appeals from the denial of his petition

for post-conviction relief without an evidentiary hearing.  He

collaterally challenges his conviction of first-degree robbery,

second-degree weapons offenses, and third-degree theft, for which he received an aggregate sentence of fifteen years, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. We affirmed the conviction and sentence on direct appeal. State v. Kollie, No. A-4620-12 (App. Div. April 2, 2015).

Defendant's sole point on appeal is:

> THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST CONVICTION RELEIF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL.

More specifically, defendant argues that his attorney was ineffective by failing to investigate alleged alibi witnesses. He claims that he and other persons were at the house of a woman at the time of the robbery. He asserts the woman and anyone else there could confirm his presence.

As did the trial court, see State v. Harris, 181 N.J. 391, 421 (2004) (stating appellate court conducts de novo review where PCR court does not hold an evidentiary hearing), cert. denied, 545 U.S. 1145, 125 S. Ct. 2973, 162 L. Ed. 2d 898 (2005), we apply the two-pronged Strickland test and determine whether the record reveals that defendant's trial counsel was ineffective, and that defendant suffered resulting prejudice. See Strickland v.

Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); State v. Fritz, 105 N.J. 42, 58 (1987).

Certainly, the failure to investigate an alibi defense may constitute ineffectiveness. State v. Porter, 216 N.J. 343, 353 (2013). However, to present a prima facie case, the petitioner must support his claim with an appropriate affidavit, consistent with Rule 1:6-6. Ibid. (citing State v. Cummings, 321 N.J. Super. 154, 170 (App. Div.), certif. denied, 162 N.J. 199 (1999)). Here, defendant presents only his own affidavit as to what he anticipates his alleged witnesses would say. That is not enough here. Defendant needed to present affidavits of the potential witnesses to establish his prima facie case. Cf. Porter, supra, 216 N.J. at 355-57 (holding that petitioner was entitled to evidentiary hearing where he presented affidavits of the uncalled alibi witnesses); see also Cummings, supra, 321 N.J. Super. at 170-71 (concluding that "bare assertion of an alibi" without a supporting certification or affidavit of the alibi witness, failed to support prima facie case). Having failed to do so, he has failed to show that any failure to investigate alleged alibi witnesses caused him prejudice.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1591-16T3